**PAUL J. HETZNECKER, ESQUIRE**
**Identification No. 49990**
**1420 Walnut Street, Suite 911**
**Philadelphia, PA 19102**
**(215) 893-9640**                                    **Attorney for Plaintiffs**
                                                       **Torin Malone Smith**
                                                       **and Amanda Geraci**

## UNITED STATE DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TORIN MALONE SMITH** | : | **CIVIL ACTION** |
| **5006 CEDAR AVENUE** | : | |
| **PHILADELPHIA, PA 19143** | : | |
| **PLAINTIFFS** | : | |
| **and** | : | |
| | : | **NO.** |
| **AMANDA GERACI** | : | |
| **5006 CEDAR AVENUE** | : | |
| **PHILADELPHIA, PA 19143** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **v.** | : | |
| **PHILADELPHIA POLICE OFFICER JOHN DOE:** | | |
| | : | |
| **and** | : | |
| **CITY OF PHILADELPHIA** | : | |
| | : | |
| **DEFENDANTS** | : | |

## COMPLAINT

1.      This is a complaint for money damages brought pursuant to 42 U.S.C. §1983 and

1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution, and

under the Constitution of the Commonwealth of Pennsylvania. Jurisdiction is based upon 28

U.S.C. §1331 and 1343 and, pendent jurisdiction of this Court to consider.

## PARTIES

2.      Plaintiff, Torin Malone Smith, is at all times relevant to this Complaint, an adult

resident of the City of Philadelphia, Pennsylvania and is presently thirty-three (33) years old.

3.      Plaintiff, Amanda Geraci, is at all times relevant to this Complaint, an adult resident of the City of Philadelphia, Pennsylvania and is presently (39) years old.

4.      Defendant, Philadelphia Police Officer John Doe, is all times relevant to this Complaint. a police officer with the City of Philadelphia Police Department and was acting under the color of state law.

5.      Defendant City of Philadelphia, Pennsylvania is a municipal corporation and the public employer of the individually unnamed Defendant Philadelphia Police Officer John Doe.

## FACTS

6.      On May 30, 2020 Plaintiffs Torin Smith and Amanda Geraci attended the George Floyd/Black Lives Matter protest in Philadelphia, Pennsylvania.  Plaintiff Torin Smith and Plaintiff Amanda Geraci volunteered as Legal Observers during the protests on that day. Their role as legal observers was to witness and document any arrests and then provide that information to the legal support team.

7.      Plaintiff Torin Smith and Plaintiff Amanda Geraci were on Broad Street during the protest when they heard through the crowd of protesters that an individual was arrested by the Philadelphia Police in front of the Arch Street Methodist Church at 55 North Broad Street, Philadelphia, Pennsylvania. Plaintiff Smith and Plaintiff Geraci moved through the crowd in order to get closer to the where the protester was being arrested. Plaintiff Torin Smith and Plaintiff Amanda Geraci were wearing bright green t-shirts with large letters identifying them as Legal Observers.

8.      Once Plaintiff Torin Smith and Plaintiff Amanda Geraci arrived at the Arch Street Methodist Church they observed the arrest of protester Elijah Blanton by Philadelphia Police

Officers. The Plaintiffs approached Mr. Blanton and informed him that they would provide the legal team with his information, as well as family and friends so that they could assist him.

9.     In the area of Broad Street and Arch Street, Philadelphia, Pennsylvania Plaintiff Torin Smith and Plaintiff Amanda Geraci observed police escorted Elijah Blanton through the crowd. Plaintiffs Torin Smith and Amanda Geraci followed behind the Philadelphia police officers and Mr. Blanton.

10.     As the Plaintiffs followed the arresting officers several additional Philadelphia Police Officers approached both Plaintiffs. Plaintiff Torin Smith was several yards behind the arresting officers and Mr. Blanton while Plaintiff Geraci was holding onto the back of Plaintiff Smith's bright green Legal Observer shirt.

11.     Without provocation or legal justification Plaintiff Torin Smith was struck in the chest with a baton wielded by Defendant Philadelphia Police Officer John Doe. Immediately, Plaintiff Torin Smith fell to the ground disoriented and in pain.

12.     Shortly after Plaintiff Torin Smith fell to the ground from the force of Defendant Philadelphia Police Officer John Doe's blow, Plaintiff Amanda Geraci attempted to assist Plaintiff Torin Smith to his feet at which point Plaintiff Amanda Geraci was struck in the face with a baton by the same Defendant Philadelphia Police Officer John Doe. Plaintiff Torin Smith and Plaintiff Amanda Geraci were struck with the baton wielded by the same Defendant Police Officer John Doe.

13.     Upon receiving the blow to the face from Philadelphia Police Officer John Doe's baton, Plaintiff Geraci immediately lost consciousness and collapsed.

14.     Although still suffering from the blow to his chest, Plaintiff Torin Smith was able to recover and assist Plaintiff Amanda Geraci to her feet and helped her to regain consciousness

- 3 -

by talking to her. Shortly after Plaintiff Torin Smith was able to assist Plaintiff Amanda Geraci to her feet they were separated from one another.

15.     Plaintiff Torin Smith was later treated by an on-scene medic providing general medical assistance to the protesters. The medic informed Plaintiff Torin Smith that he/she believed that Plaintiff Torin Smith did not suffer a concussion.  However, Plaintiff Torin Smith did  have several visible bruises, including bruises on his ribs. Plaintiff Torin Smith did not seek treatment at a hospital for his injuries.

16.     Plaintiff Amanda Geraci was treated by a medic on scene providing general medical assistance to the protesters.  The medic treated Plaintiff Geraci for a concussion as the result of the baton strike to her face by Defendant Police Officer John Doe. Plaintiff Amanda Geraci was eventually escorted home by friends.

17.     Later that afternoon Plaintiff Amanda Geraci was treated at a hospital for the concussion she suffered as the result of Defendant Philadelphia Police Officer John Doe striking her in the face with his baton. Plaintiff Amanda Geraci remained out of work for several weeks and continues to suffer from the impact of the baton strike to her face.

## COUNT I

## EXCESSIVE FORCE BY DEFENDANT PHILADELPHIA POLICE OFFICER JOHN DOE ON TORIN SMITH PURSUANT TO 42 U.S.C. §1983

18.     Paragraphs 1 through 17 of this Complaint are incorporated herein by reference

19.     On May 30, 2020, Defendant Philadelphia Police Officer John Doe acted without just cause or lawful reason, and with deliberate indifference by using excessive force upon the Plaintiff Torin Smith by striking Plaintiff Torin Smith, a Legal Observer, in the chest with his baton while Plaintiff Torin Smith posed no threat to Defendant Philadelphia Police Officer John Doe.

20      As a direct and proximate cause of the Defendant Police Officer John Doe's unlawful use of excessive force, Plaintiff Torin Smith suffered physical pain and injuries. Additionally, Plaintiff Torin Smith suffered and continues to suffer, physical, psychological and emotional injury as a result of the actions of Defendant Philadelphia Police Officer John Doe.

21.     The Defendant Philadelphia Police Officer John Doe, acting under the color of state law violated Plaintiff Torin Smith's right to be free from excessive use of force under the Fourth Amendment of the United States Constitution, as well as 42 U.S.C. 1983.

**<u>COUNT II</u>**

**<u>EXCESSIVE FORCE BY DEFENDANT PHILADELPHIA POLICE OFFICER JOHN DOE ON AMANDA GERACI PURSUANT TO 42 U.S.C. §1983</u>**

22.     Paragraphs 1 through 21 of this Complaint are incorporated herein by reference.

23.     On May 30, 2020, Defendant Philadelphia Police Officer John Doe acted without just cause or lawful reason, and with deliberate indifference, by using excessive force upon the Plaintiff Amanda Geraci by striking Plaintiff Amanda Geraci, a Legal Observer, in the face with his baton while Plaintiff Amanda Geraci posed no threat to Defendant Philadelphia Police Officer John Doe.

24.     As a direct and proximate cause of the Defendant Police Officer John Doe's unlawful use of excessive force, Plaintiff Amanda Geraci suffered physical pain and substantial injuries, including a concussion which required hospital treatment.  Additionally, the Plaintiff Amanda Geraci was forced to recover at home for several weeks as the result of the head injury she suffered.  Plaintiff Amanda Geraci continues to suffer physical, psychological and emotional injury as a result of the actions of Philadelphia Police Officer John Doe.

25.     The Defendant Philadelphia Police Officer John Doe, acting under the color of state law, violated the Plaintiff Amanda Geraci's right to be free  from excessive use of force under the Fourth Amendment of the United States Constitution as well as 42 U.S.C. 1983.

## COUNT III

### COMMON LAW ASSAULT AND BATTERY COMMITTED DEFENDANT PHILADELPHIA POLICE OFFICER JOHN DOE UPON TORIN SMITH

26.     Paragraphs 1 through 25 are incorporated herein by reference.

27.     On May 30, 2020, Defendant Philadelphia Police Officer John Doe did knowingly, intentionally, maliciously, recklessly, and/or negligently commit an assault and battery upon the Plaintiff Torin Smith by forcibly striking him in the chest with a baton resulting in physical injury, psychological and emotional pain, and suffering.

28.     As a result of the conduct by Defendant Philadelphia Police Officer John Doe, the Plaintiff Torin Smith experienced physical injury, psychological and emotional pain, and suffering.

29.     The actions and conduct of Defendant Philadelphia Police Officer John Doe exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous, and unjustifiable and therefore, punitive damage is necessary and appropriate.

## COUNT IV

### COMMON LAW ASSAULT AND BATTERY COMMITTED BY DEFENDANT PHILADELPHIA POLICE OFFICER JOHN DOE UPON AMANDA GERACI

30.     Paragraphs 1 through 29 are incorporated herein by reference.

31.     On May 30, 2020, Defendant Philadelphia Police Officer John Doe did knowingly, intentionally, maliciously, recklessly, and/ or negligently commit an assault and

battery upon the Plaintiff Amanda Geraci by striking her in the head with his baton resulting in significant physical injury, namely a concussion, emotional pain, and suffering.

32.     As a result of the conduct by, Defendant Philadelphia Police Officer John Doe, Plaintiff Amanda Geraci experienced physical injury, psychological and emotional pain, and suffering..

33.     The actions and conduct of Defendant Philadelphia Police Officer John Doe, exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous, and unjustifiable and therefor, punitive damage is necessary and appropriate.

## COUNT V

### CITY OF PHILADELPHIA
### PURSUANT TO 42 U.S.C. §1983

34.     Paragraphs 1 through 33 of this Complaint are incorporated herein by reference.

35.     Pursuant to 42 U.S.C §1983, the City of Philadelphia developed and maintained practices exhibiting deliberate indifference to the constitutional rights of the residents and visitors of Philadelphia.  which includes a practice and/or custom of disregarding the Philadelphia Police Department's Use of Force policy, which was a direct cause of the violation of Plaintiff Smith and Plaintiff Geraci's rights in this case.

36.     Defendant, City of Philadelphia, as a matter of policy and practice and/or custom has with deliberate indifference, failed to adequately and properly investigate claims that the Police have wrongfully used illegal and excessive force, and specifically failed to investigate claims of excessive force used by police generally, and specifically during protests.  In this case, Plaintiff Torin Smith and Plaintiff Amanda Geraci were serving as Legal Observers wearing clothing which clearly established who they were and still were brutally assaulted by

Philadelphia Police Officer John Doe. This policy and practice caused the Defendant officer in this case to engage in unlawful conduct described above.

37.     Defendant, City of Philadelphia, as a matter of policy and/or custom has with deliberate indifference, failed to adequately and properly supervise and train police officers, including the Defendant Philadelphia Police Officer John Doe in this case, regarding the constitutional rights of residents and visitors of Philadelphia generally, and in particular those engaged in peaceful protests, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Philadelphia did not require appropriate in-service training or retraining of its officers who were known to have engaged in excessive force protected by the Fourth Amendment with the residents and visitors generally, and the First Amendment rights of those engaged in peaceful protests, as well as those volunteering to serve as Legal Observers. The failure to properly supervise and train the Defendant police officers including the Defendants in this case, caused the Defendant officers to engage in the unlawful conduct described above.

38.     Defendant, City of Philadelphia, as a matter of policy and practice and/ or custom has with deliberate indifference failed to adequately and properly discipline and sanction police officers, including the Defendant Philadelphia Police Officer John Doe in this case, regarding the constitutional rights of the residents and visitors in Philadelphia and in particular the rights of those engaged in peaceful protests, including those serving as Legal Observers,  specifically to be free from excessive force, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Philadelphia failed to discipline and sanction those officers engaged in conduct which violated the First and Fourth Amendment rights of the residents and visitors of Philadelphia, and in particular those engaged in peaceful

protests, thereby causing and encouraging police, including the Defendant Philadelphia Police Officer John Doe in this case, to engage in the unlawful conduct described above.

39.     As a result of the above- described policies and customs, police officers of the City of Philadelphia, including the Defendant Philadelphia Police Office John Doe, believe that their actions would not be properly monitored by supervisory officers and that their misconduct would not be investigated or sanctioned, but rater would be tolerated.

40.     The above- described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the City of Philadelphia, to the constitutional rights of the persons within the City of Philadelphia, including those exercising their First Amendment rights, and the right to be protected from excessive force under the Fourth Amendment and therefore, caused the violation of Plaintiffs' rights alleged herein.

42.     As a direct and proximate cause of the Defendants' unlawful actions, the individual Plaintiffs suffered physical injury, emotional distress, pain and suffering and financial loss, which will be established as trial.

**WHEREFORE,** Plaintiffs respectfully request the following relief:

(a)     Compensatory damages to the Plaintiffs against the Defendants;

(b)     Punitive damages to the Plaintiffs against the Defendants;

(c)     Reasonable attorney's fees and costs to the Plaintiffs;

(d)     Such other and further relief as appears reasonable and just.

/s/ Paul J. Hetznecker, Esquire
Paul J. Hetznecker, Esquire
Attorney for Plaintiff

Date:     November 29, 2021