IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TORIN MALONE SMITH**       and **AMANDA GERACI**       Plaintiffs, | : : : : : | **CIVIL ACTION** |
| v. | : : | |
| **PHILADELPHIA POLICE OFFICER JOHN DOE**       and **CITY OF PHILADELPHIA**       Defendants. | : : : : : | No. 21-5241 |

**MEMORANDUM**

**Schiller, J.**                                                                                                  **August 17, 2022**

Before the Court is Defendant City of Philadelphia's Motion to Dismiss Plaintiffs Torin Smith and Amanda Geraci's municipal liability claim. The City argues Plaintiffs' claim fails because they plead only conclusory allegations, they fail to identify a municipal policymaker, and they fail to identify prior instances of misconduct necessary to support the failure to train, supervise, or discipline theory of the municipal liability claim. (ECF Doc. No. 3). Plaintiffs disagree, arguing they plead a sufficient factual basis to plead a policy or custom, they need not identify a policymaker, and they adequately plead their failure to train or discipline theory. (ECF Doc. No. 7). For the reasons below, the Court grants Defendant's motion.

**I.       FACTUAL BACKGROUND**

Plaintiffs Torin Malone Smith and Amanda Geraci claim Philadelphia Police Officer John Doe and the City of Philadelphia violated their Fourth Amendment right to be free from excessive force and Officer Doe committed assault and battery at a protest in Philadelphia. (Compl. ¶¶ 6, 19, 23, 27, 31, 40). Plaintiffs attended the George Floyd/Black Lives Matter protests on May 30, 2020

as legal observers "to witness and document any arrests and then provide that information to the legal support team." (*Id.* ¶ 6). They wore "bright green t-shirts with large letters identifying them as Legal Observers." (*Id.* ¶ 7). Plaintiffs heard through the crowd of protestors Philadelphia police arrested a protestor in front of the Arch Street Methodist Church. (*Id.*). Plaintiffs navigated through the crowd to the Arch Street Methodist Church and observed the City police arresting protestor Elijah Blanton. (*Id.* ¶¶ 7-8). They approached Blanton and told him they would provide his information to the legal team and inform his friends and family that he was being arrested so they could assist him. (*Id.* ¶ 8). The City police escorted Blanton through the crowd and Plaintiffs followed behind them. (*Id.* ¶ 9). Several other City police officers approached Plaintiffs as they followed the arresting officers and Blanton. (*Id.* ¶ 10). Officer Doe struck Plaintiff Smith in the chest with a baton causing Plaintiff Smith to fall to the ground disoriented and in pain. (*Id.* ¶ 11). Plaintiff Geraci attempted to assist Plaintiff Smith to his feet, leading Officer Doe to strike Plaintiff Geraci in the face with a baton causing her to lose consciousness and collapse. (*Id.* ¶¶ 12-13). Plaintiff Smith helped Plaintiff Geraci regain consciousness and stand up before they were separated. (*Id.* ¶ 14). Plaintiff Smith treated with an on-scene medic who said Plaintiff Smith did not suffer a concussion, but Plaintiff Smith had visible bruises including on his ribs. (*Id.* ¶ 15). Plaintiff Geraci also treated with an on-scene medic and later went to a hospital for a concussion. (*Id.* ¶¶ 16-17). Plaintiff Geraci missed several weeks of work and continues to suffer from her injuries. (*Id.* ¶ 17).

In addition to suing Officer Doe for violating their Fourth Amendment right to be free from excessive force and assault and battery, Plaintiffs allege the City is liable for Officer Doe's acts. Plaintiffs allege the City:

- [D]eveloped and maintained practices exhibiting deliberate indifference to the constitutional rights of the residents and visitors

of Philadelphia, which includes a practice and/or custom of disregarding the Philadelphia Police Department's Use of Force policy, which was a direct cause of the violation of Plaintiff Smith and Plaintiff Geraci's rights in this case (*Id.* ¶ 35);

- [A]s a matter of policy and practice and/or custom has with deliberate indifference, failed to adequately and properly investigate claims that the Police have wrongfully used illegal and excessive force, and specifically failed to investigate claims of excessive force used by police generally, and specifically during protests. In this case, Plaintiff Torin Smith and Plaintiff Amanda Geraci were serving as Legal Observers wearing clothing which clearly established who they were and were still brutally assaulted by Philadelphia Police Officer John Doe. This policy and practice caused the Defendant officer in this case to engage in [the] unlawful conduct described above (*Id.* ¶ 36);

- [A]s a matter of policy and/or custom has with deliberate indifference, failed to adequately and properly supervise and train police officers, including the Defendant Philadelphia Police Officer John Doe in this case, regarding the constitutional rights of residents and visitors of Philadelphia generally, and in particular those engaged in peaceful protests, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City . . . did not require appropriate in-service training or retraining of its officers who were known to have engaged in excessive force protected by the Fourth Amendment with the residents and visitors generally, and the First Amendment rights of those engaged in peaceful protests, as well as those volunteering to serve as Legal Observers. The failure to properly supervise and train the Defendant police officers including the Defendants in this case, caused the Defendant officers to engage in the unlawful conduct above (*Id.* ¶ 37);

- [A]s a matter of policy and practice and/or custom has with deliberate indifference failed to adequately and properly discipline and sanction police officers, including the Defendant Philadelphia Police Officer John Doe in this case, regarding the constitutional rights of the residents and visitors in Philadelphia and in particular the rights of those engaged in peaceful protests, including those serving as Legal Observers, specifically to be free from excessive force, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Philadelphia failed to discipline and sanction those officers engaged in conduct which violated the First and Fourth Amendment rights of the residents and visitors of Philadelphia, and in particular those engaged in peaceful protests, thereby causing and encouraging the police, including the Defendant Philadelphia Police Officer John

>Doe in this case, to engage in the unlawful conduct described above" (*Id.* ¶ 38).

Plaintiffs allege the City's policies and customs caused police officers, including Officer Doe, to believe their actions would not be monitored, investigated, or sanctioned. (*Id.* ¶ 39). They allege these policies and customs "demonstrate a deliberate indifference on the part of the policymakers of the City of Philadelphia, to the constitutional rights of persons within the City of Philadelphia, including those exercising their First Amendment rights, and the right to be protected from excessive force under the Fourth Amendment, and therefore, caused the violation of Plaintiffs' rights alleged herein." (*Id.* ¶ 40).

## II.     STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded factual allegations in the complaint and make all reasonable inferences in favor of the non-moving party. *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021). A well-pleaded complaint "require[s] only a short and plain statement of the claim showing that the pleader is entitled to relief" and need not contain "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-34 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To survive a motion to dismiss, the plaintiff must allege enough factual matter, taken as true, to suggest the required elements of the plaintiff's claims and raise a reasonable expectation that discovery will reveal evidence of these elements. *Id.* In turn, the Court must "draw on its judicial experience and common sense" to find, at minimum, "a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

### III.   DISCUSSION

Plaintiffs sue the City under 42 U.S.C. § 1983 alleging it is responsible for the violations of their constitutional rights. It is well settled "a municipality is not liable for the unconstitutional acts of its employees just because of their employment, under a *respondeat superior* theory." *Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978)). But Plaintiffs may proceed on a Section 1983 claim against a municipality in two ways: (1) Plaintiffs may "put forth that an unconstitutional policy or custom of the municipality led to his or her injuries"; or (2) put forth a theory "that [the injuries] were caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice'" including failure to train, supervise, or discipline its officers. *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (further citations omitted). The theories require different proofs. "Notably, an unconstitutional municipal policy or custom is necessary for the former theory, but not the latter, failure or inadequacy theory." *Id.* (citing *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (further citations omitted)). While the failure to train, supervise, or discipline theory does not require a plaintiff to establish a policy or custom, it has the "equally demanding requirement of demonstrating a failure or inadequacy amounting to deliberate indifference on the part of the municipality." *Id.* Plaintiffs here attempt to plead both theories against the City but fail to allege facts sufficient to support either.

**A. Plaintiffs fail to plead sufficient facts alleging the City's policy or custom caused their injuries.**

Plaintiffs must allege sufficient facts to show the City has a policy or custom, and the policy or custom proximately caused their injuries. *Estate of Roman*, 914 F.3d at 798; *Forrest*, 930 F.3d at 105. "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman*,

5

914 F.3d at 798 (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (internal quotations omitted) (alterations in original). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) then citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001) (internal quotations omitted)). In other words, Plaintiffs "must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz*, 915 F.2d at 850 (citing *Andrews*, 895 F.2d at 1480). Plaintiffs need not "specifically identif[y]" the "responsible decisionmaker" because "[p]ractices 'so permanent and well settled' as to have 'the force of law' [are] ascribable to municipal decisionmakers." *Id.* (quoting *Anela v. City of Wildwood*, 790 F.2d 1063, 1067 (3d Cir. 1986) (further citation omitted) (alteration in original)); *see also McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009) (affirming dismissal of § 1983 claim because plaintiff failed to allege a decisionmaker or facts supporting an inference a decisionmaker adopted or acquiesced to a policy or custom).

Plaintiffs fail to allege facts necessary to show the City had a policy or custom which caused the violation of their Fourth Amendment right. Plaintiffs fail to adequately plead facts to show a policy. Plaintiffs allege the relevant policy or custom is the disregard of the City's police department's use of force policy. (Compl. ¶ 35). While the Plaintiffs plead the City's police department has a use of force policy, they do not plead "a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issue[d] an official proclamation, policy, or edict" for police officers to *disregard* the use of force policy. *Estate of Roman*, 914 F.3d

6

at 798 (further citation omitted). Plaintiffs merely assert the City has a policy to disregard the use of force policy. This is insufficient to survive a motion to dismiss.

Plaintiffs similarly fail to plead a custom because they have not alleged facts "showing that a given course of conduct [*i.e.*, ignoring the use of force policy], although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (further citation omitted). Plaintiffs baldly assert the City has a custom of its officers disregarding the use of force policy and "fail[ing] to adequately and properly investigate claims that the Police have wrongfully used illegal and excessive force" generally and during protests. (Compl. ¶¶ 35-36). Plaintiffs do not allege any past complaints of excessive force which the City received and failed to investigate; Plaintiffs instead simply allege the City did not investigate the claims. The Court may not credit these bald assertions of fact. *Oakwood Lab'ys LLC*, 999 F.3d at 904 ("[W]e disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.") (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Erdreich v. City of Phila.*, Civ. A. No. 18-2290, 2019 WL 1060051, at *9 (E.D. Pa. Mar. 6, 2019) (same). Plaintiffs similarly fail to allege any other instances of the City's officers disregarding the use of force policy to establish ignoring the use of force policy is "so well-settled and permanent as virtually to constitute law." *Estate of Roman*, 914 F.3d at 798. Plaintiffs consequently fail to plead facts supporting a custom.

Plaintiffs also fail to plead causation. Plaintiffs can plead causation for a custom by demonstrating the City "had knowledge of 'similar unlawful conduct in the past, . . . failed to take precautions against future violations, and that [its] failure, at least in part, led to [their] injury.'" *Id.* at 798 (further citations omitted). But Plaintiffs set forth no facts to show the City knew of

similar unlawful conduct or failed to take precautions against future violations for the reasons set forth above. Merely alleging a custom exists with no facts and concluding the custom caused the injury is insufficient to state a claim.

Plaintiffs' bald assertions and legal conclusions parroting the elements of a municipal liability claim under Section 1983 are insufficient to withstand the City's motion to dismiss. *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014) ("'[S]imply paraphras[ing] § 1983' does not meet Rule 8's pleading requirements because it fails to satisfy the 'rigorous standards of culpability and causation' required to state a claim for municipal liability." (quoting *McTernan*, 564 F.3d at 658-59)). The Court therefore dismisses the municipal liability to the extent it rests on the existence of a policy or custom because Plaintiffs fail to plead sufficient facts.

**B. Plaintiffs fail to adequately plead their failure to train, discipline, and supervise theory to sustain their municipal liability claim against the City.**

Plaintiffs also fail to plead facts supporting the bald allegations the City failed to supervise, train, or discipline its officers regarding excessive force and protestors' First Amendment rights. Plaintiffs must plead the City's failure to train, discipline, or supervise the officers "'amount[s] to deliberate indifference to the rights of persons with whom the police come into contact.'" *Estate of Roman*, 914 F.3d at 798 (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Plaintiffs "sufficiently plead[] deliberate indifference by showing that '(1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.'" *Id.* (quoting *Doe v. Luzerne Cnty.*, 660 F.3d 169, 180 (3d Cir. 2011) (further citation omitted)). This "'[o]rdinarily,' . . . requires a plaintiff to identify a 'pattern of similar constitutional violations by untrained employees' that 'puts municipal decisionmakers on notice that a new program is necessary.'" *Johnson*, 975 F.3d at 403 (quoting

8

*Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (further citation omitted)). "Otherwise, the plaintiff needs to show that failure to provide the identified training would 'likely . . . result in the violation of constitutional rights'—i.e., to show that 'the need for more or different training [was] so obvious.'" *Id.* (quoting *Harris*, 489 U.S. at 390).

Plaintiffs fail to adequately plead deliberate indifference. Plaintiffs baldly allege the City failed to "adequately and properly supervise and train police officers" including "Officer Doe . . . regarding the constitutional rights of residents and visitors of Philadelphia generally, and in particular those engaged in peaceful protests" and "[t]he City . . . did not require appropriate in-service training or retraining of its officers who were known to have engaged in excessive force protected by the Fourth Amendment with the residents and visitors generally, and the First Amendment rights of those engaged in peaceful protests, as well as those volunteering to serve as Legal Observers." (Compl. ¶ 37). They also assert the City failed to properly discipline and sanction police officers, including Officer Doe, who violated the First and Fourth Amendment rights of "residents and visitors of Philadelphia." (*Id.* ¶ 38). But Plaintiffs' Complaint includes no facts establishing a "'pattern of similar constitutional violations by untrained employees' that 'puts municipal decisionmakers on notice that a new program is necessary.'" *Johnson*, 975 F.3d at 403. Plaintiffs put the rabbit in the hat. They contend the City failed to train or retrain officers without pleading facts of other instances which put the City on notice of this need. This is insufficient to state a claim. The Court cannot credit bald assertions of fact. Plaintiffs similarly concede they have no facts supporting their failure to discipline claim in response to the City's Motion to dismiss, arguing they need to "explore [Officer Doe's] background, a background which *may* support a Monell claim on failure to discipline." (ECF Doc. No. 7 at 12) (emphasis added). They plead no facts the City failed to discipline Officer Doe nor do they plead facts of other instances in which

9

the City did not discipline officers who committed these alleged constitutional violations. For the same reasons, Plaintiffs also fail to plead facts showing that "'the need for more or different training [was] so obvious'" to plead deliberate indifference. *Johnson*, 975 F.2d at 403 (further citation omitted).

The Court therefore also dismisses Plaintiffs' municipal liability claim to the extent it rests on a failure to train, supervise, and discipline theory without prejudice.

### C. We grant Plaintiffs leave to file an amended Complaint.

Plaintiffs requested leave to file an amended Complaint should we grant the City's Motion to dismiss. (ECF Doc. No. 7 at 2). "[C]ourts must allow amendment, unless doing so would be inequitable or futile" in civil rights case. *McCall v. City of Phila.*, 396 F. Supp. 3d 549, 563-64 (E.D. Pa. 2019) (citing *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 15(a)(2). The Court grants Plaintiffs' request for leave to amend their Complaint to plead sufficient facts, not bald assertions and legal conclusions, establishing a municipal liability claim on a policy or custom or on a failure to train, supervise, or discipline theory, or both, if they can do so consistent with Federal Rule of Civil Procedure 11. Plaintiffs must file the amended Complaint on or before September 19, 2022 or seek further leave of Court to amend following the discovery of facts sufficient to support the claim.

### IV. CONCLUSION

Plaintiffs attempt to plead a municipal liability claim against the City. But the Plaintiffs must allege facts, not merely bald assertions or legal conclusions, to establish their claim. They fail to do so. We grant the Defendant City's Motion to dismiss the municipal liability claim without prejudice with leave for Plaintiffs to amend.

An Order consistent with this Memorandum will be docketed separately.